**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CHARLES AWUSIN INKO-TARIAH,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1:25-cv-01027 (APM)** |
| **EVENTS DC *et al*.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Pro se Plaintiff Charles Awusin Inko-Tariah asserts claims of disability discrimination against Events DC and the Washington Nationals Baseball Club, LLC after attending a baseball game in May 2024. Defendants have moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. For the reasons explained below, the motion will be granted for want of jurisdiction.

## II. BACKGROUND[1]

Plaintiff is deaf, speech impaired, and partially blind. Compl., ECF No. 1, at 1. This case is another iteration of Plaintiff's lawsuits against entertainment entities in the District of Columbia for allegedly failing to activate closed captioning on their jumbotron and television screens during a sporting event. *See* Mem. in Supp. of Defs.' Mot. to Dismiss, ECF No. 8-2 [hereinafter Defs.' Mem.], at 1–2 (summarizing cases). On May 24, 2024, Plaintiff purchased a ticket for $42.00 to

[1] For current purposes, Plaintiff's factual allegations are accepted as true.

attend a baseball game at Nationals Park. He informed the "ticket sales clerk that he is Deaf/Blind" and, as requested, he was seated "with a clear view of the Jumbotron that purportedly ha[d] captioning availability." Compl. ¶ 6. Plaintiff could not "fully enjoy the game" because Defendants "fail[ed] to activate the Jumbotron captioning and the 2 TV captioning malfunctioned for over $1^{1/2}$ hour[s] despite repeated requests" to the ushers. *Id.* Plaintiff "was subsequently moved to [another] TV area . . . but they were unable to activate the captioning on TV after more than 15 minutes of trying." *Id.* Plaintiff claims that Defendants "impermissibly discriminated against him" when "[e]veryone including handicapped persons" in wheelchairs "were able to enjoy the game" while "the Deaf/Partly Blind plaintiff . . . was excluded[.]" *Id.*

In this action filed on April 8, 2025, Plaintiff asserts claims under Section 504 of the Rehabilitation Act of 1973 and Title III of the Americans with Disabilities Act (ADA). He attaches to the complaint "the screenshot photo and video evidence showing that the captioning is not activated despite [Defendants'] efforts to turn it on for over 15 minutes until the end of the game at approximately 9:00 pm." Compl. ¶ 17. Plaintiff seeks (1) a court order compelling Defendants' full compliance with the ADA to "ensure that handicapped Deaf, DeafBlind and Hearing Impaired patrons are not excluded" and (2) payment of his "legal fees of $119.040.00[.]" *Id.* ¶ 20.

## III. LEGAL STANDARD

Defendants' motion to dismiss for lack of subject-matter jurisdiction arises under Federal Rule of Civil Procedure 12(b)(1). Defs.' Mot. to Dismiss, ECF No. 8, at 1. On a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over his claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). A court must accept all well-pleaded factual allegations in the complaint as true. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). A court is not limited to the allegations made in the complaint, however, and "may consider such materials outside the pleadings as it deems

appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharms.*, 402 F.3d at 1253. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *D.C. Transit Sys., Inc. v. United States*, 717 F.2d 1438, 1440 n.1 (D.C. Cir. 1983).

## IV. DISCUSSION

Defendants argue that Plaintiff lacks standing. Defs.' Mem. at 7-9. A "showing of standing is an essential and unchanging predicate to any exercise of a court's jurisdiction," *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (cleaned up), and the party invoking standing "bears the burden of showing that he has standing for each type of relief sought," *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To satisfy the "irreducible constitutional minimum of standing," a litigant must demonstrate that (1) he has suffered an injury in fact—the invasion of a legally protected interest; (2) the injury is fairly traceable to the defendant's challenged conduct (a causal connection); and (3) a favorable decision on the merits likely will redress the injury. *Lujan*, 504 U.S. at 560–61. The injury must be concrete and particularized and actual or imminent, not conjectural, hypothetical, or speculative. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). "This set of criteria implements Article III by limiting judicial intervention to only those disputes between adverse parties that are 'in a form . . . capable of judicial resolution.'" *Fla. Audubon Soc'y*, 94 F.3d at 663 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 218 (1974)). Thus, the "defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

When, as here, a plaintiff seeks injunctive relief, "[t]he standing requirement . . . cannot be met absent a showing of a real or immediate threat that the plaintiff will be wronged again." *Jefferson v. Stinson Morrison Heckler LLP*, 249 F. Supp. 3d 76, 81 (D.D.C. 2017) (internal quotation marks omitted). "[H]arm in the past . . . is not enough to establish a present controversy, or in terms of standing, an injury in fact." *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 336 (D.C. Cir. 2003). Stated another way, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998). "[A]n alleged future injury may suffice to meet the injury-in-fact element of standing if the threatened injury is 'certainly impending' or there is a 'substantial risk' it will occur." *Jibril v. Mayorkas*, 101 F.4th 857, 867 (D.C. Cir. 2024) (citations omitted).

Defendants contend that Plaintiff has failed to establish a real and immediate threat of future harm. The court agrees. Plaintiff does not claim to be a Nationals season ticket holder or even a fan of the team. Nor does he allege plans to return to the Park for a baseball game or any other event. *See* Defs.' Mem. at 8 (noting that Plaintiff's "Complaint demonstrates that he has visited the park only twice in his lifetime") (citing Compl. ¶ 7)); *Inko-Tariah v. House*, 2022 WL 16852673, at *3 (D.D.C. Nov. 10, 2022) (noting that "Plaintiff lived in the D.C. vicinity for nearly 20 years before attending his first [baseball] game"). Notably, in the nearly one year between when the events at issue allegedly occurred (May 24, 2024) and when Plaintiff filed suit (April 8, 2025), Plaintiff asserts not a single visit to the park. He therefore lacks standing to secure injunctive relief under the ADA or the Rehabilitation Act.

What's more, Plaintiff's demand for attorney's fees does not establish standing. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021).[2] And he cannot assert the rights of other "handicapped Deaf, DeafBlind and Hearing Impaired patrons." Compl. ¶ 20; *see* 28 U.S.C. § 1654 (in federal court, "parties may plead and conduct their own cases personally or by [licensed] counsel."); *cf. DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] pro se litigant who is not trained as a lawyer is simply not an adequate class representative.").

"[W]hat's past is prologue." W. Shakespeare, The Tempest, act 2, sc. 1. The conduct alleged establishes neither a past injury nor "a real and immediate" threat of future injury to confer Article III standing. And "[o]nce a court determines that it lacks subject matter jurisdiction, it can proceed no further." *Simpkins v. District of Columbia Government*, 108 F.3d 366, 371 (D.C. Cir. 1997). Therefore, the complaint is dismissed under Rule 12(b)(1). Defendants' request to dismiss with prejudice, Mem. at 1, 12, is denied. *See Mark v. Republic of the Sudan*, 77 F. 4th 892, 899 (D.C. Cir. 2023) ("A dismissal for want of subject-matter jurisdiction can only be without prejudice.") (cleaned up)).

A separate order of dismissal accompanies this memorandum opinion.

Amit P. Mehta
United States District Judge

Date: September 1, 2026

[2] In any event, as a *pro se* party, Plaintiff cannot recover the equivalent of attorney's fees. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 259-60 (D.C. Cir. 1993).